<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RANDY FANCIULLO,** | |
| **Plaintiff,** | **Civil Action No. 12-5467 (ES)** |
| **v.** | **OPINION** |
| **UNITED STATES POSTAL SERVICE,** *et al.*, | |
| **Defendants.** | |

SALAS, District Judge

## I.      INTRODUCTION

Pending before this Court is Defendants United States Postal Service (the "USPS"), John Potter ("Potter"), Patrick Donahoe ("Donahoe"), Dennis Allocco ("Allocco"), Brian Benevento ("Benevento"), and Ed Matteo's ("Matteo") (collectively, "Defendants") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) or, in the alternative, motion for summary judgment.   (D.E. No. 11).   The Court resolves Defendants' motion without oral argument pursuant to Fed. R. Civ. P. 78(b).   For the reasons set forth below, Defendants' motion to dismiss is GRANTED.   Plaintiff Randy Fanciullo's ("Plaintiff" or "Fanciullo") Count One is hereby dismissed *without* prejudice and Counts Two, Three and Four are dismissed *with* prejudice.

## II.    FACTUAL & PROCEDURAL BACKGROUND[1]

Fanciullo was employed with the USPS from "June 1975 until his constructive discharge on or about December 31, 2010."  (D.E. No. 1, Compl. ¶ 13).  Fanciullo avers that "Defendants had a long term plan to create a hostile working environment and to retaliate against Fanciullo based upon his complaints about discrimination for the sole reason of discouraging Fanciullo from remaining employed and to encourage him to retire," including the following acts:

> subjecting Fanciullo to unnecessary discipline and accusations in not following required procedures in reporting an accident; threatening Fanciullo that he could not bring an attorney to disciplinary hearings; subjecting him to unfair scrutiny; making repeated negative comments and calling Fanciullo names regarding his age; making repeated comments to Fanciullo about retiring; physically threatening Fanciullo and trying to provoke him into a fistfight; replacing Fanciullo by a much younger manager with much less seniority; transferring Fanciullo to a lesser position; interfering and harassing Fanciullo about his benefits under the FMLA; impermissibly withholding salary; and attempting to remove Fanciullo from his employment without legitimate reason.

(Compl. ¶ 61).[2]

On November 8, 2007, Fanciullo filed an Equal Employment Opportunity ("EEO" and "EEOC" if referring to the Equal Employment Opportunity Commission) "claim" for "age discrimination for unlawful actions taken against him by Defendants."  (*Id.* ¶¶ 5, 34).[3] Approximately around February 12, 2008, however, Fanciullo entered into a settlement agreement whereby he "would withdraw his pending EEO complaint" and Defendants "would rescind an unjust Letter of Warning and suspension against Fanciullo."  (*Id.* ¶ 6).

---

[1] Given the standard of review discussed below, the Court provides the factual and procedural background of this action in view of Plaintiff's Complaint, as well as several administrative documents provided for the Court's consideration.  The Court considers these documents without converting Defendants' motion to one for summary judgment.  *See infra* Part IV.

[2] For ease of reference, the Court does not incorporate all-capitals typeface from Plaintiff's Complaint, such as that used for "FANCIULLO," when quoting text from the Complaint.

[3] Fanciullo identifies this claim as EEO Case No. 4A-070-0023-08.  (Compl. ¶ 34).

Around October 2010, Fanciullo received a letter from Defendants notifying him that he was being removed from his job within thirty (30) days of the date of the letter." (*Id.* ¶ 53). Fanciullo then filed a "grievance and a hearing was held with the parties on the telephone." (*Id.*).

In November 2010, Fanciullo rejected a settlement proposal whereby "Fanciullo would be able to file for a disability retirement without challenge from the Defendants if [Fanciullo] agreed not to file formal EEOC complaints and/or any lawsuits against Defendants." (*Id.* ¶ 54). Fanciullo then "filed a second OEEO [sic] complaint, based upon age discrimination and retaliation on December 22, 2010." (*Id.* ¶ 55).[4]

Thereafter, on December 30, 2010, Fanciullo submitted an "Information for Pre-Complaint Counseling" form alleging that he was issued the October 2010 removal notice because of "age discrimination," as well as "retaliation" based on Fanciullo's 2009 "EEO activity." (D.E. No. 11-1 ("Cedeño Decl."), Ex. F at 1).[5] "On or about December 31, 2010, Fanciullo was forced to retire on a regular pension." (Compl. ¶ 56).[6]

On March 18, 2011, an EEO counselor sent Fanciullo a "Notice of Right to File" and several forms, indicating that he could "elect to file a formal complaint of discrimination or . . . bypass the administrative complaint process . . . and instead fil[e] a civil action in an appropriate U.S. District Court." (Compl. ¶ 8; Ex. G to Cedeño Decl. at 1).[7]

---

[4] Fanciullo identifies this claim as EEO Case No. 4B-070-0056-11. (Compl. ¶ 55).

[5] This 2009 "EEO activity" is not referenced in Fanciullo's complaint, but is identified as EEO Case No. 4A-070-0121-09 on Fanciullo's Information for Pre-Complaint Counseling form. (Ex. F to Cedeño Decl. at 1).

[6] The USPS human resources department informed Fanciullo that he should file for both a disability retirement pension and a regular pension, "so that he would receive a regular pension until a disability pension was approved." (Compl. ¶ 57). But Fanciullo's "claim for a pension [was then] denied because he filed for both a disability retirement pension as well as a regular pension" and "[i]t was not until June 21, 2011 . . . that Fanciullo finally received the disability pension he was entitled to." (*Id.* ¶¶ 58-59).

[7] To be sure, Fanciullo alleges that he "received [the] notice of right to file a complaint from the United States Postal Service." (Compl. ¶ 8). The actual notice includes a United States Postal Service header, but was prepared and signed by an EEO counselor. (Ex. G to Cedeño Decl.).

Then, on June 16, 2011, Fanciullo filed a lawsuit in the Southern District of New York, "alleging age discrimination and retaliation by Defendants," which was ultimately transferred to this District in November 2011.  (Compl. ¶ 9).  On May 24, 2012, the Honorable Stanley R. Chesler dismissed the action.  *Fanciullo v. U.S. Postal Serv.*, No. 11-6479, 2012 WL 1900609 (D.N.J. May 24, 2012).

While that civil action was pending, "[o]n or about March 13, 2012, Fanciullo filed a charge of discrimination with the Equal Employment Opportunity Commission and the United States Postal Service internal EEO" and requested "a right to sue letter with the filing of this charge."  (Compl. ¶ 10).[8]  On April 2, 2012, Fanciullo completed another "Information for Pre-Complaint Counseling" form, alleging that he was "forced into retirement" and that his "disability pension" had been delayed.  (Ex. B to Cedeño Decl. at 1).

On April 13, 2012, an EEO counselor again sent Fanciullo a "Notice of Right to File" and several forms, indicating that he could file a "formal complaint" or "bypass the administrative complaint process by electing not to file a formal complaint and instead fil[e] a civil action in an appropriate U.S. District Court."  (Ex. C to Cedeño Decl. at 1).  On April 19, 2012, the EEOC received a "Notice of Intent to Sue" from Fanciullo, stating "his intent to bypass the administrative complaint process . . . and instead [to file] a civil action in U.S. District Court."  (D.E. No. 11-14 ("Plotkin Decl."), Ex. A at 2-3).  On June 4, 2012, Fanciullo received a "Right to Sue Letter" from the EEOC's New York District Office explaining that Fanciullo's lawsuit must be filed within 90 days of receipt of this letter.  (Compl. ¶ 10 & Ex. A thereto).  On August 30, 2012, Fanciullo filed the instant action.

---

[8] Fanciullo identifies this claim as EEO Case No. 4B-070-0104-12.  (D.E. No. 17, Plaintiff's Brief in Opposition to Defendants' Motion ("Pl. Opp. Br.") at 12).

Specifically, Fanciullo asserts the following four Counts: (1) age discrimination and retaliation in violation of the Age Discrimination in Employment Act (the "ADEA"), (*id.* ¶¶ 63-72); (2) disability discrimination and retaliation in violation of the Americans with Disabilities Act (the "ADA"), (*id.* ¶¶ 73-86); (3) disability discrimination and retaliation in violation of the Rehabilitation Act of 1973, (*id.* ¶¶ 87-100); and, as to the individual defendants, (4) retaliation in violation of 42 U.S.C. § 1983, (*id.* ¶¶ 101-09).  Thereafter, Defendants filed the instant motion, (D.E. No. 11).

## IV.   LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).  Notably, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  But the court is not required to accept "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.  The inquiry is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Furthermore, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."

*Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *see also Ruddy v. U.S. Postal Serv.*, 455 F. App'x 279, 283 (3d Cir. 2011) ("The Magistrate Judge and District Court properly relied on Ruddy's EEOC file, which Ruddy referenced in his complaint and which is integral to his claim . . . ."); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("We now hold that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").[9]

## V.   DISCUSSION

### A.   Counts 2 & 4: Whether Fanciullo Can Assert Claims Pursuant to the ADA and 42 U.S.C. § 1983

Defendants argue that "a federal employee alleging age and disability discrimination has only one judicial remedy: an action brought under the ADEA and Rehabilitation [Act] against the current head of the employee's agency."  (D.E. No. 11-12, Defendants' Brief in Support of Their Motion to Dismiss ("Def. Mov. Br.") at 10-11.  Thus, Defendants argue that the Court should dismiss all of Fanciullo's claims under 42 U.S.C. § 1983 and the ADA, as well as claims asserted against the Postal Service and the individual defendants.  (*Id.* at 11.)

In response, Fanciullo explains that he "discontinues and withdraws [his] allegations of disability discrimination and retaliation . . . with respect to [his] second claim under the Americans with Disabilities Act."  (D.E. No. 17, Plaintiff's Brief in Opposition to Defendants'

---

[9] *See also Gillyard v. Geithner*, No. 12-125, 2012 WL 2036504, at *3 n.3 (E.D. Pa. June 5, 2012) ("In this case, Defendant puts forth several administrative documents for the Court to consider. Plaintiff does not dispute the authenticity of such documents and Plaintiff bases his claims, in part, on such documents because he avers that he timely exhausted his administrative remedies.  Therefore, the Court will consider these documents in deciding Defendant's Motion to Dismiss.") (internal citations omitted); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) ("[W]e may consider the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one summary judgment.").

Motion ("Pl. Opp. Br.") at 10).  Fanciullo also "withdraws all actions pending against . . . John Potter and Patrick Donahoe." (*Id.* at 15).  Fanciullo does not otherwise respond to Defendants' argument that his Section 1983 claims are improper.

As an initial matter, the Court hereby accepts Fanciullo's withdrawal of Count 2 of his complaint and dismisses his ADA claim *with* prejudice.  The Court also hereby accepts Fanciullo's withdrawal of claims against Potter and Donahoe and dismisses Potter and Donahoe from this action.  The Court now addresses the propriety of Fanciullo's Section 1983 claim against the remaining defendants.

Under this claim, Fanciullo alleges that "Defendants intentionally and wrongfully retaliated against Fanciullo [and] created a hostile work environment predicated upon age and disability discrimination and retaliation against him in violation of the United States Constitution and applicable statutes." (Compl. ¶ 106).  He reiterates that this claim is for violations of Section 1983 "against all individual Defendants under the theory of retaliation." (Pl. Opp. Br. at 1).

But Fanciullo's Section 1983 claim essentially relies on the same allegations that support his claims under the ADEA and the Rehabilitation Act. (*See* Compl. ¶¶ 101-09).  As Defendants correctly observe, Fanciullo's Section 1983 claim is thus based on the same factual predicate as his ADEA and Rehabilitation Act claims: allegations of age and disability discrimination, as well as retaliation, while he was working as a federal employee for the Postal Service.  The Rehabilitation Act is, however, the "exclusive means by which a plaintiff may raise claims against federal agencies relating to handicap discrimination."  *Spence v. Straw*, 54 F.3d 196, 197 (3d Cir. 1995); *see also Riley v. Potter*, No. 08-5167, 2010 WL 125841, at *4 (D.N.J. Jan. 7, 2010) ("The Rehabilitation Act stands as the exclusive remedy for federal employees seeking redress for disability discrimination.").  Similarly, as to age discrimination, the "ADEA provides

the exclusive remedy for federal employees to litigate age discrimination claims." *Rodrock v. Moury*, 379 F. App'x 164, 166 (3d Cir. 2010) (citing *Purtill v. Harris*, 658 F.2d 134, 137 (3d Cir. 1981)); *see also Gurchensky v. Potter*, No. 06-5760, 2010 WL 2292171, at *6 (D.N.J. May 28, 2010) ("[T]he ADEA provides the exclusive remedy for federal employees to litigate age discrimination claims.").[10]

In sum, Fanciullo's Section 1983 claim seems to rely on the same allegations used to support his claims under the ADEA and the Rehabilitation Act. And Fanciullo has failed to provide the Court with any argument or authority as to why his Section 1983 claim is *not* preempted by these statutes or how the factual allegations supporting his Section 1983 claim *differ* from those supporting his ADEA claim and/or Rehabilitation Act claim. Accordingly, Fanciullo's Section 1983 claims against the remaining individual defendants—Allocco, Benevento and Matteo—must be dismissed. Given Judge Chesler's prior dismissal of Fanciullo's Section 1983 claim, the Court hereby dismisses Count 4 *with* prejudice.[11]

---

[10] Indeed, Judge Chesler already dismissed Fanciullo's first Section 1983 claim as follows: "In view of the fact that Plaintiff has offered no legal authority to support his opposition to Defendants' position [that this claim is preempted by the ADEA], this Court finds that Defendants have established that the first count of the Complaint is preempted by the ADEA and fails to state a valid claim for relief to be granted." *Fanciullo*, 2012 WL 1900609, at *1.

[11] Defendants also argue that the only appropriate defendant to either an ADEA or Rehabilitation Act claim is the head of the USPS, Postmaster General Donahoe. (Def. Mov. Br. at 13). Thus, Defendants argue that all claims against the USPS, Allocco, Benevento, and Mateo must be dismissed. (*Id.*). Although the Court dismisses all of Fanciullo's claims as discussed in this Opinion and need not reach this issue, the Court acknowledges case law from this Circuit supporting Defendants' position. *See, e.g.*, *Burg v. U.S. Dep't of Health and Human Servs.*, No. 07-2992, 2010 WL 5136107, at *3 (E.D. Pa. Dec. 15, 2010) ("Defendants correctly contend that the only proper defendant in a Title VII or Rehabilitation Act action brought by a federal employee is the head of the employing department."); *Riley*, 2010 WL 125841, at *4 n.3 ("The agency in question, not an employee's supervisor, is the only appropriate defendant in actions under the Rehabilitation Act."); *Capobianco v. Geithner*, No. 09-1656, 2009 WL 2370443, at *1 n.3 (E.D. Pa. July 28, 2009) ("The agency in question, not an employee's supervisor, is the only appropriate defendant in actions under Title VII, the Rehabilitation Act or ADEA."); *Shaffer v. Peake*, No. 07-298, 2008 WL 794470, at *24 (W.D. Pa. Mar. 24, 2008) ("Although the ADEA does not explicitly state that an action brought thereunder shall be commenced against the appropriate department head, a similar rule has been applied in ADEA cases."). The Court similarly declines to address Defendants' argument that Fanciullo failed to properly serve the individual defendants under Fed. R. Civ. P. 4. (Def. Mov. Br. at 24-25).

**B.      Count 1: Whether Fanciullo Met the Requirements for Asserting an ADEA Claim**

Defendants assert that Fanciullo has failed to comply with the prerequisites for bringing an ADEA claim.  (Def. Mov. Br. at 14).  Defendants explain that, under the ADEA, Fanciullo had two alternative routes for pursuing a claim of age discrimination.  (*Id.*).  As one route, Defendants contend that Fanciullo could have invoked the EEOC's administrative process and brought suit in federal court if he was dissatisfied with the outcome of that process (hereinafter, the "EEOC Route").  (*Id.*).  To successfully pursue the EEOC Route, Defendants aver that Fanciullo would have had to complete several administrative steps, which he did not do.  (*Id.* at 15-16).  Defendants accordingly argue that Fanciullo cannot maintain an ADEA claim on the basis that he pursued the EEOC Route.  (*Id.* at 15-16).

Defendants explain that, as an alternative to the EEOC Route, Fanciullo could proceed directly to federal court with an ADEA claim (hereinafter, the "Federal Court Route").  (*Id.* at 14).  To do so, however, Defendants contend that Fanciullo would have had to file a notice of an intent to sue in federal court, with the EEOC, within 180 days of the date when the alleged discriminatory practice occurred and at least 30 days before bringing suit.  (*Id.*).  Defendants argue that Fanciullo failed to meet this notice requirement and, therefore, he cannot maintain an ADEA claim on the basis that he pursued the Federal Court Route.  (*Id.* at 16-17).

In opposition, Fanciullo argues that, on March 13, 2012, the EEOC was provided with the requisite notice and that, on April 13, 2012, the EEOC issued a Notice of Right to File.  (Pl. Opp. Br. at 10-11).  Fanciullo cites the June 4, 2012 right-to-sue letter as evidence that he acted with due diligence to exhaust the EEOC's administrative procedures.  (*Id.* at 11).  Fanciullo also cites his various EEOC claims as evidence of this: his November 2007 claim (EEO Case No. 4A-070-0023-08); his December 2010 claim (EEO Case No. 4B-070-0056-11), for which he received a

Notice of Right to File; and his March 2012 claim, for which he received a Notice of Right to File (EEO Case No. 4B-070-0104-12).  (*Id.* at 11-12).  Finally, Fanciullo seems to argue that equitable tolling applies here.  (*Id.* at 12).

The ADEA prohibits discrimination in employment because of age.  29 U.S.C. § 623(a).  This prohibition applies to the U.S. Postal Service.  *Id.* § 633a(a).  As detailed below, a federal employee alleging age discrimination against his employer has two alternative routes for pursuing an age discrimination claim under the ADEA.  *Id.* § 633a(b)-(d); *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 589 (3d Cir. 2005) (quoting *Stevens v. Dep't of Treasury*, 500 U.S. 1, 5-6 (1991)).  The Court may grant a Rule 12(b)(6) motion to dismiss for failing to properly pursue either of these routes.  *See Slingland v. Donahoe*, No. 12-4102, 2013 WL 4843837, at *2-3 (3d Cir. Sept. 12, 2013) (affirming dismissal of ADEA claim under Rule 12(b)(6)); *Fanciullo*, 2012 WL 1900609, at *1-2 ("Defendants cite 29 C.F.R. § 1614.201, which provides for only two pathways to suit in federal court under the ADEA: 1) filing a formal administrative complaint with the EEOC; or 2) filing written notice of intent to sue at least 30 days before filing suit. . . . Plaintiff . . . does not dispute that, when he filed the Complaint on June 16, 2011, he had not satisfied the requirements of 29 C.F.R. § 1614.201. . . . Plaintiff has failed to show that the Complaint alleges facts which, taken as true, show the requisite exhaustion of administrative remedies.").

### 1.  The EEOC Route

Under the EEOC Route, an employee must generally proceed as follows: (1) the employee must initiate contact with an EEOC counselor within 45 days of the alleged discriminatory matter to attempt to resolve the discrimination charge; (2) if the employee's claim is unresolved, the EEOC counselor will notify the employee of his or her right to file a formal

administrative complaint with the EEOC and the employee must file the formal administrative complaint within 15 days of receiving this notice; and (3) after the EEOC issues a final agency decision, the employee can then appeal the decision to the EEOC or file a civil action in federal court.  *See* 29 C.F.R. §§ 1614.105-106, 1614.401, 1614.407.

Here, however, Fanciullo simply does not allege that he filed a formal administrative complaint with the EEOC.  Indeed, after his December 2010 claim (EEO Case No. 4B-070-0056-11) and March 2012 claim (EEO Case No. 4B-070-0104-12), Fanciullo was informed that he had to file a formal administrative complaint within 15 days.  (Ex. G to Cedeño Decl. at 1 ("This letter is to notify you that I have concluded the pre-complaint processing of your claim of discrimination initiated on December 22, 2010. . . . At this time there is no resolution to your claim. You have a few options available to you. . . . If you opt to file a formal complaint, you have 15 calendar days from the date of receipt of this letter to file a timely formal complaint."); (Ex. C to Cedeño Decl. at 1 ("This letter is to notify you that I have concluded the processing of your pre-complaint claim of discrimination based on disability, age, and retaliation initiated on March 14, 2012. . . . [A]t this time there is no resolution to your counseling request. You have two options available to you. . . . If you opt to file a formal complaint, you have 15 calendar days from the date of receipt of this letter to file a timely formal complaint."))  But Fanciullo fails to allege that he filed a formal administrative complaint with the EEOC after filing each of these claims.  (*See* Compl. ¶¶ 5-10).[12]

Thus, Fanciullo cannot rely on having pursued the EEOC Route as a basis for an ADEA claim.  *See* 1614.106(a)-(b) ("A complaint must be filed with the agency that allegedly

---

[12] Indeed, in his opposition to Defendants' motion, Fanciullo doesn't even seem to *argu*e that he filed formal administrative complaints after his December 2010 and March 2012 claims.  (Pl. Opp. Br. at 11-12).  Notably, however, Fanciullo acknowledges that he failed to file a "formal administrative complaint" after his November 2007 claim because "Plaintiff and Defendants were involved in settlement negotiations whereby a settlement was reached."  (*Id.* at 12).

discriminated against the complainant. A complaint must be filed within 15 days of receipt of the notice required by § 1614.105 (d), (e) or (f)."); *see also Erbe v. Potter*, No. 08-0813, 2010 WL 1052947, at *6 (M.D. Pa. Mar. 22, 2010) ("First, the federal employee may elect to pursue a claim through the administrative process by filing a complaint with the Equal Employment Opportunity Commission (EEOC). This avenue is foreclosed in the instant case; Erbe admits that he did not file an EEO complaint in which he alleged age discrimination.") (internal citations omitted).[13]

### 2. The Federal Court Route

As an alternative to the EEOC Route, a federal employee can pursue the Federal Court Route as a basis for an ADEA claim.  Under this option, the employee may file a civil action in federal court, *without* seeking administrative relief—but only if the employee has given the EEOC at least 30 days' notice of an intent to sue *and* that notice is within 180 days of the alleged unlawful discrimination.  29 U.S.C. § 633a(d); *see also* 29 C.F.R. § 1614.201(a) ("As an alternative to filing a complaint under this part, an aggrieved individual may file a civil action in a United States district court under the ADEA against the head of an alleged discriminating agency after giving the Commission not less than 30 days' notice of the intent to file such an action. Such notice must be filed in writing with EEOC, at P.O. Box 77960, Washington, DC 20013, or by personal delivery or facsimile within 180 days of the occurrence of the alleged unlawful practice.").

As noted above, Fanciullo argues that, on March 13, 2012, the EEOC was provided with the requisite notice and that, on April 13, 2012, the EEOC issued a Notice of Right to File.  (Pl. Opp. Br. at 10-11).  First, this March 13, 2012 notice was *not* a notice of intent to sue, but as

---

[13] Since the Court finds that Fanciullo has failed to allege that he filed a formal administrative complaint, the Court need not reach Defendants' argument that Fanciullo failed to contact an EEO counselor within 45 days of the alleged discriminatory conduct.  (*See* Def. Mov. Br. at 15-16).

Fanciullo himself alleges, "a charge of discrimination." (Compl. ¶ 10). Indeed, in response to this notice, on April 13, 2012, the EEO provided him a Notice of Right to File advising him that he has "two options," one of which was to pursue the Federal Court Route: "you may bypass the [EEOC Route] by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. District Court" and that an enclosed form, PS Form 2563-B, was being provided to explain these procedures. (Ex. C to Cedeño Decl. at 1). And the enclosed PS Form 2563-B set forth that: (1) "[b]efore filing suit in U.S. District Court, [Fanciullo] must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission"; (2) he must do so "within 180 calendar days of the date of the alleged discriminatory action"; and (3) once such a "timely notice of intent to sue with the EEOC" is filed, he "must wait thirty (30) calendar days before filing a civil action." (*Id.* at 5).

Second, even construing Fanciullo's March 13, 2012 notice as a notice of intent to sue, Fanciullo makes no attempt to explain how this notice was within 180 days of the alleged discriminatory conduct. Viewing the facts in the light most favorable to Fanciullo, the latest discriminatory conduct the Court can decipher would be either December 31, 2010 (i.e., the date of Fanciullo's "constructive discharge," (Compl. ¶¶ 13, 56)) or, at most, June 21, 2011 (i.e., when Fanciullo's started receiving "disability pension he was entitled to," (*id.* ¶ 59; *see also* Ex. A to Plotkin Decl. at 3 (explaining that the "[d]ates on which the discriminatory actions occurred" show a "[c]ontinuous course of action from 2006 up to and including June 21, 2011")). In either scenario, Fanciullo's March 13, 2012 notice would be beyond the 180-day time limit. *See* 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201(a). For the same reasons, Fanciullo's April 19, 2012 notice of intent to sue—which is not referenced by Fanciullo in his Complaint or opposition brief—cannot support the Federal Court Route. Because Fanciullo failed to timely

file the statutorily required notice of intent to sue, he cannot rely on having pursued the Federal Court Route as a basis for an ADEA claim.[14]

### 3.      Equitable Tolling

Finally, Fanciullo explains that "the equitable tolling doctrine is applicable to suits against the United States where the government has waived its sovereign immunity by statute." (Pl. Opp. Br. at 12 (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)).  In response, Defendants argue that Fanciullo fails to offer any reason why equitable tolling applies to him. (D.E. No. 18, Defendants' Reply Brief in Support of Their Motion to Dismiss ("Def. Reply. Br.") at 6).

"The doctrine of equitable tolling stops a statute of limitations period from running after a claim has accrued, but should be applied sparingly."  *Podobnik*, 409 F.3d at 591 (internal quotations and citations omitted).  "[T]here are three principal, though not exclusive, situations in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."  *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994).

---

[14] The Court acknowledges that, on June 4, 2012, Fanciullo received a "Right to Sue Letter" from the EEOC's New York District Office explaining that Fanciullo's lawsuit must be filed within 90 days of receipt of this letter. (Compl. ¶ 10 & Ex. A thereto).  Fanciullo seems to argue that this letter cures any failure to exhaust administrative remedies.  (Pl. Opp. Br. at 11 (citing *Angelino v. New York Times Co.*, 200 F.3d 73 (3d Cir. 1999) and *Gooding v. Warner-Lambert Co.*, 744 F.2d 354 (3d Cir. 1984)).  In *Angelino*, the Third Circuit explained that it has "held that the failure to obtain a right-to-sue letter . . . is curable at any point during the pendency of the action."  200 F.3d at 96 (citing *Gooding*, 744 F.2d at 357-59)).  But the issue here is whether Fanciullo filed a formal administrative complaint to pursue the EEOC Route or filed a notice of intent to sue to pursue the Federal Court Route.  And Fanciullo fails to cite any legal authority whereby a plaintiff can maintain a civil action in federal court notwithstanding failure to perform both of these steps.

And, "in the context of employment discrimination cases . . . the equitable tolling doctrine may excuse the plaintiff's non-compliance with the statutory limitations provision at issue when it appears that (1) the defendant actively misled the plaintiff respecting the reason for the plaintiff's discharge, and (2) this deception caused the plaintiff's non-compliance with the limitations provision." *Id.* A plaintiff has the burden of establishing equitable tolling. *See Courtney v. La Salle Univ.*, 124 F.3d 499, 505 (3d Cir. 1997); *Green v. Potter*, 687 F. Supp. 2d 502, 516 (D.N.J. 2009) ("It is the plaintiff who bears the burden of proving that she is entitled to equitable tolling, and it is within the court's discretion to determine whether tolling is appropriate.").

Here, Fanciullo simply references the equitable doctrine without actually applying the doctrine to the factual allegations in this action. To be sure, the Court acknowledges that "the question of whether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings, such tolling is not generally amenable to resolution on a Rule 12(b)(6) motion." *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 301-02 (3d Cir. 2010). Here, however, the Court finds that Fanciullo's mere mention of the equitable doctrine in an opposition brief, without more, cannot be enough to withstand dismissal of his ADEA claim.[15] Nevertheless, in an abundance of caution, the Court will dismiss Fanciullo's ADEA claim *without* prejudice to provide him an opportunity to amend his complaint in view of the deficiencies highlighted herein.

---

[15] The Court also notes that "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal quotations and textual modifications omitted).

**C.    Count 3: Whether Fanciullo Met the Requirements for Asserting a Claim Under the Rehabilitation Act**

Defendants argue that, unlike the ADEA, the Rehabilitation Act does not permit a federal employee alleging discrimination to bypass the administrative process and sue directly in federal court.  (Def. Mov. Br. at 17).  Rather, Defendants contend that an employee must exhaust his claims by completing several administrative steps, which Fanciullo did not do.  (*Id.* at 17-19).  Namely, Defendants argue that Fanciullo failed to contact an EEO counselor within 45 days of any discriminatory conduct and, moreover, he never filed a formal administrative complaint.  (*Id.* at 17-18).  Lastly, Defendants assert that, in addition to his failure to exhaust, Fanciullo's claim under the Rehabilitation Act must be dismissed for failure to state a claim.  (*Id.* at 21).

In opposition, Fanciullo contends that he contacted an EEO counselor within 45 days of the disability discriminatory conduct—i.e., by filing his December 2010 "complaint" (EEO Case No. 4B-070-0056-11) "with regards to ongoing disability discrimination that the Defendants engaged in from October to November 2010."  (Pl. Opp. Br. at 13).  Fanciullo also explains that he "filed a Complaint in U.S. District Court expediently to preserve Plaintiff's rights" and that he subsequently "obtained the requisite right-to-sue letter from the agency dated June 4, 2012."  (*Id.*).   Finally, Fanciullo argues that he has sufficiently pleaded his claim for disability discrimination under the Rehabilitation Act.  (*Id.* at 15-17).

The Rehabilitation Act provides that

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination . . . under any program or activity conducted by any Executive agency or by the United States Postal Service.

16

29 U.S.C. 794(a); *Shiring v. Runyon*, 90 F.3d 827, 830-31 (3d Cir. 1996) ("The Rehabilitation Act of 1973, 29 U.S.C. § 701 et. seq., is applicable only to federal employers and employers who receive federal funding. . . . The Rehabilitation Act forbids employers from discriminating against persons with disabilities in matters of hiring, placement, or advancement.").

To assert a claim under the Rehabilitation Act in federal court, a federal employee must have exhausted administrative remedies. *Spence*, 54 F.3d at 201; *see also Campbell v. U.S.*, 375 F. App'x 254, 258 (3d Cir. 2010) ("A federal employee seeking relief under the Rehabilitation Act must exhaust administrative remedies prior to filing suit."). Thus, an employee seeking such relief must generally proceed as follows: (1) the employee must initiate contact with an EEOC counselor within 45 days of the alleged discriminatory matter to attempt to resolve the discrimination charge; (2) if the employee's claim is unresolved, the EEOC counselor will notify the employee of his or her right to file a formal administrative complaint with the EEOC and the employee must file the formal administrative complaint within 15 days of receiving this notice; and (3) after the EEOC issues a final agency decision, the employee can then appeal the decision to the EEOC or file a civil action in federal court. *See* 29 C.F.R. §§ 1614.105-106, 1614.401, 1614.407; *see also Filipovits v. U.S. Postal Serv.*, No. 11-3355, 2013 WL 1809437, at *3 (E.D. Pa. Apr. 29, 2013) (discussing these administrative steps in context of exhausting administrative remedies to support a Rehabilitation Act claim). Unlike the ADEA, the Rehabilitation Act does not provide a federal employee a direct route to federal court.

The Court may grant a Rule 12(b)(6) motion to dismiss for failure to timely exhaust these administrative remedies. *See Smith v. Pallman*, 420 F. App'x 208, 212-213 (3d Cir. 2011) (explaining that "[f]ailure to timely exhaust administrative remedies is an appropriate basis for granting a Rule 12(b)(6) motion to dismiss" and affirming dismissal of Rehabilitation Act

claim); *Gallina v. Potter*, No. 09-3842, 2010 WL 5013844 (D.N.J. Dec. 3, 2010) (dismissing Rehabilitation Act claim under Rule 12(b)(6) for failure to exhaust administrative remedies).

Here, as discussed with respect to Fanciullo's ADEA claim, Fanciullo does not allege that he filed a formal administrative complaint with the EEOC with respect to his Rehabilitation Act claim. Fanciullo only avers that, on or about December 22, 2010, he "filed a second claim of discrimination with the United States Postal Service," (Compl. ¶ 7), and on or about March 13, 2012, he "filed a charge of discrimination with the Equal Employment Opportunity Commission and the United States Postal Service internal EEO," (*id.* ¶ 10). Fanciullo was required, however, to follow certain administrative procedures and exhaust administrative remedies. *See* 29 C.F.R. §§ 1614.105-106, 1614.401, 1614.407. Indeed, after both of these claims or charges, Fanciullo was informed that he had to file a formal administrative complaint within 15 days. (Ex. G to Cedeño Decl. at 1; Ex. C to Cedeño Decl. at 1). But Fanciullo fails to allege that he filed any such formal administrative complaint with the EEOC pursuant to these notices. And Fanciullo offers no legal support for his contention that filing civil actions in federal court and/or obtaining a "right-to-sue letter" excuses such failure to exhaust administrative remedies. (*See* Pl. Opp. Br. at 13 (citing Compl. ¶¶ 9-10)). Thus, the Court dismisses Fanciullo's Rehabilitation Act claim *with* prejudice. *See Smith*, 420 F. App'x at 212; *Gallina*, 2010 WL 5013844 at *2.[16]

---

[16] Because the Court again finds that Fanciullo has failed to allege that he filed a formal administrative complaint and thus failed to exhaust administrative remedies, the Court need not reach Defendants' argument that Fanciullo failed to contact an EEO counselor within 45 days of the alleged discriminatory conduct. (*See* Def. Mov. Br. at 17-18). Likewise, the Court need not address Defendants' argument that Fanciullo failed to plead sufficient facts for a prima facie case of discrimination under the Rehabilitation Act. (*Id.* at 21-23).

## VI.     CONCLUSION

For the reasons above, Defendants' motion to dismiss is GRANTED.  Plaintiff's Count One is hereby dismissed *without* prejudice and Counts Two, Three and Four are dismissed *with* prejudice.  Plaintiff shall have thirty days to file an amended complaint in accordance with this Opinion.


                                   s/*Esther Salas*
                                   **Esther Salas, U.S.D.J.**